IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>CUTBERTO ESPINOZA CASTRO | Cause No. CV 25-69-BU-DWM<br><br>ORDER |

      This matter comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 submitted by pro se prisoner Cutberto Espinoza Castro ("Castro"). (Doc. 1.) Upon initial review of the petition, it was noted that the filing was partially illegible and difficult to comprehend as it was written primarily in Spanish. Castro also failed to submit a motion to proceed in forma pauperis or pay the filing fee. Castro was provided leave to file an amended petition, and he was also directed to file a motion to proceed in forma pauperis or pay the filing fee. (Doc. 2.)

      Castro submitted a motion to proceed in forma pauperis, (Doc. 6), but has not filed a copy of his inmate account statement. Because there is no reason to delay this action further, however, the motion to proceed in forma pauperis will be granted.

1

Castro was informed of the requisite pleading standards governing Section 2254 cases and was advised that he was entitled to relief only if he could show he was in custody pursuant to a judgment of a State court in violation of the Constitution or laws or treaties of the United States. (*Id.* at 2, *citing* 28 U.S.C. § 2254(a)). Castro was also advised that his petition must:

(1) Specify all the ground for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten, and;
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

(*Id.*, *citing* Rule 2(c) of the Rules Governing Section 2254 Cases).

In response, Castro filed two supplements which were non-sensical; one of the supplements was accompanied by 17 pages of religious cartoons and 2 pages torn out of a book. *See*, (Docs. 3, 4, 4-1.) Castro then filed the amended petition form, but the submission is entirely unresponsive to the Court's prior order and provides none of the information required. *See*, (Doc. 5.) Subsequently, Castro sent the Court a letter and various supplements, none of which provide any insight into the claims he may be attempting to advance. (Docs. 7, 7-1, 7-2, 8, 9, and 9-1.) Accordingly, Castro's amended petition wholly fails to state a cognizable federal claim.

To the extent that one could discern potentially viable claims, they appear to be unexhausted. Additionally, on its face, the filing violates Rule 2(c) of the Rules

2

Governing Section 2254 Cases, of which Castro was previously advised. Finally, Castro is not challenging a final judgment of conviction from a state court; Castro appears to be a pretrial detainee.

As set forth above, Castro's amended petition fails to state a cognizable claim and violates the Rules Governing Section 2254 Cases. Additionally, a final judgment has not yet been entered in Castro's state matter. Once that occurs, Castro may present any federal constitutional claims to the state courts in a procedurally appropriate manner and give them a full opportunity to review the claims in order to effectuate proper exhaustion. *See e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because Castro has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Castro is cautioned he should refrain from challenging his active state proceedings in this Court. Continuing to do so may have a preclusive effect on his future ability to file a federal habeas petition. *See e.g., U.S. v. Barrett*, 178 F. 3d 34, 57 (1st Cir. 1999)(explaining AEDPA generally limits prisoners to "one bite at the post-conviction apple" absent very limited circumstances); 28 U.S.C. § 2244(b)(prohibiting filing of second or successive petitions); *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam)(district court lacks jurisdiction to hear a second or successive petition absent authorization from the Circuit Court).

3

Dismissal will be without prejudice, allowing Castro to return to this Court if and when he fully exhausts any potential federal claims.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Castro has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his claims are not cognizable, and the petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

4

Based on the foregoing, the Court enters the following:

## ORDER

1. Castro's Amended Petition (Doc. 5) is DISMISSED without prejudice as unexhausted.

2. Castro's Motion to Proceed in Forma Pauperis (Doc. 6) is GRANTED. The Clerk is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter judgment of dismissal.

4. A certificate of appealability is DENIED.

5. This matter is closed. Aside from a Notice of Appeal, the Clerk of Court shall not accept any future filings in this matter.

DATED this 31st day of July, 2025.

Donald W. Molloy, District Judge
United States District Court